IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:24-MJ-656-BP |
| HUZEFA HAFIZ ISMAIL (01) | |

### GOVERNMENT RESPONSE TO FUGITIVE'S MOTION FOR DISCHARGE FROM CUSTODY OR FOR CONDITIONS OF RELEASE

The United States, by and through the undersigned counsel, hereby responds to fugitive Huzefa Hafiz Ismail's second Motion for Discharge from Custody (Dkt. 19), which now includes a request for a detention hearing. The government has already addressed many of the legal and factual issues related to detention in its Memorandum of Extradition Law. Dkt. 6. For the reasons stated in that memorandum and below, the government continues to oppose release.

<u>France and the United States have complied with the Treaty</u>

As in his first motion for discharge, Dkt. 16, Ismail rehashes his claim that the United States (or France) has failed to comply with its treaty obligations. This is simply not true. The State Department confirmed its receipt of the formal request for extradition on October 22, 2024, within the 60-day period set by Article 13 of the U.S.-France extradition treaty (the "Treaty"). *See* Dkt. 17, Attachment A. As the government has already noted in its response to Ismail's first motion for discharge, the Treaty does not impose a 60-day time period for a *fugitive* to receive the formal extradition request, but

**Government's Response to Fugitive's Request for Release – Page 1**

rather for the government of France to submit its formal extradition request to the *U.S. Department of State*. Nor is there any statutorily mandated period in which the State Department must complete its review of the request, or in which the government must provide the formal extradition request to a fugitive. *See*, *e.g.*, *United States v. Wiebe*, 733 F.2d 549, 554 (8th Cir. 1984) ("We are satisfied . . . that the Treaty does not require receipt at the courts of the asylum country."); *In re Extradition of Mainero*, 990 F.Supp. 1208, 1215 n.13 (S.D. Cal. 1997) ("The documents themselves do not have to filed in court by the 60 day period, only received by the United States [from Mexico].") (internal citations omitted). Ismail's claim of a treaty violation is without merit.

Despite the lack of any statute or rule requiring the government to produce a copy of the formal extradition request by any particular date, on November 27, 2024, the government went above its obligations and obtained permission from the State Department to share with Ismail a courtesy copy of the formal extradition request while review is pending. The government provided the copy to Ismail's counsel that same day.

<u>Ismail has not overcome the strong presumption against release</u>

The government also opposes Ismail's release because he has failed to overcome the strong presumption against release in international extradition proceedings. A court may grant release on bond in an extradition proceeding "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." *United States v. Leitner*, 784 F.2d 159, 160 (2d Cir. 1986) (quoting *In re Mitchell*, 171 F. 289,

289 (S.D.N.Y. 1909) (Hand, J.)).[1] "Bail should be denied in extradition proceedings absent 'special circumstances.'" *Matter of Extradition of Russell*, 805 F.2d 1215, 1217 (5th Cir. 1986). Indeed, "[u]nlike the situation for domestic crimes, there is no presumption favoring bail. The reverse is rather the case." *Id*. A fugitive facing extradition must therefore demonstrate all of the following to overcome the strong presumption against release: that he is not a flight risk, that he is not a danger to the community, and that special circumstances warrant his release. Because Ismail has not established any of these, let alone all of them, his request for release should be denied.

As the government previously showed, Ismail is a flight risk and a danger to the community. Dkt. 6 at 23-25. The low burden of proof at an extradition hearing and the serious nature of the charges he faces in France give him a strong incentive to flee. He has significant financial resources that would allow him to travel anywhere in the world to avoid prosecution. He also has personal relationships with others involved in criminal enterprises around the world that could assist him in fleeing. In addition, the serious nature of the offenses with which Ismail is charged renders him a danger to the community both in the United States and abroad if he were released from custody.

---

[1] The rationale behind the presumption against bail in an extradition case is to preserve important foreign relations policy interests. *See Wright v. Henkel*, 190 U.S. 40, 62 (1903). It is important that the United States be regarded in the international community as a country that honors its agreements in order to be in a position to demand that other nations meet their reciprocal obligations to the United States. Such reciprocity would be defeated if a fugitive were to flee after being released on bond. Thus, there is a strong "presumption against pre-extradition release . . . because if the accused were to be released and flee, forfeiture of a bond 'would hardly meet the international demand' and could cause the U.S. government 'serious embarrassment.'" *In re Extradition of Heras*, No. 22-MJ-271, 2022 WL 3900174, at *3 (E.D.N.Y. Aug. 31, 2022) (quoting *Wright v. Henkel*, 190 U.S. 40, 62 (1903)).

**Government's Response to Fugitive's Request for Release – Page 3**

Ismail has also failed to show the existence of special circumstances. He appears to assert four special circumstances: (1) absent the extradition request, there is not enough evidence to support extradition; (2) he has been in custody for several months without the extradition request; (3) he has a family and an elderly mother to take care of; and (4) a bail package could assure his appearance at future extradition proceedings. None of these, alone or combined, constitute special circumstances.

First, Ismail's arguments regarding the substantive merits of France's extradition request are irrelevant at this stage in the proceeding. The assessment of extraditability is a substantive question properly raised at the extradition hearing and is immaterial to a fugitive's bail application. *See, e.g.*, *In re Sidali*, 868 F.Supp. 656, 658-59 (D.N.J. 1994) (probability of success against extradition "relate[s] to whether [the fugitive] should be extradited not whether he should be released on bail").[2] Nor does a probable cause challenge qualify as a special circumstance. Indeed, "[r]ather than being 'special,' our review of hundreds of extradition cases has shown that probable cause challenges are quite commonplace." *In re Extradition of Martinelli Berrocal*, 263 F.Supp. 3d 1280,

---

[2] *See also Kin-Hong v. United States*, 83 F.3d 523, 525 (1st Cir. 1996) (noting that "[t]he factual record will be further developed at the extradition hearing and it is premature for this court to consider the merits of [the fugitive's] claims"); *In re Sacirbegovic*, 280 F.Supp. 2d 81, 88 (S.D.N.Y. 2003) (the probability of success against extradition is a subject reserved for the extradition hearing); *United States v. Castaneda-Castillo*, 739 F.Supp. 2d 49, 61 (D. Mass. 2010) (calling it "premature to determine if [the fugitive] is likely to prevail on his probable cause challenge"). To the extent that outlier courts have considered the likelihood a fugitive will succeed in defeating extradition at the bail stage of a proceeding, they have required the fugitive to establish a "high" probability of success. *Kin-Hong*, 83 F.3d at 524 (noting that some courts have held that special circumstances may include "substantial claims against extradition on which the relator has a high probability of success"). Here, Ismail has failed to establish a likelihood—let alone a "high probability"—of success on the merits of his extradition. Thus, his arguments about probable cause do not establish a basis for his release.

**Government's Response to Fugitive's Request for Release – Page 4**

1295 (S.D. Fla. 2017).

Second, the fact that Ismail has been in custody for several months is not a special circumstance. "[O]nly unusual delay qualifies as a special circumstance warranting bail" and the "normal passage of time inherent in the litigation process is not the type of delay that amounts to a special circumstance." *United States v. Risner*, 2018 WL 6809796 at *19 (N.D. Tex. Dec. 27, 2018) (citing *United States v. Kin-Hong*, 83 F.3d at 525 (internal quotations omitted)). France has complied with its treaty obligations and the State Department is reviewing the extradition request. Ismail has not pointed to any case suggesting that the timeline has been unusual.

Third, the alleged hardship on Ismail's family is not a special circumstance. Indeed, "financial and emotional hardship [on a fugitive and his family is] present in almost all cases." *Russell*, 805 F.2d at 1217. Because "detention commonly acts to deprive a family or loved one of the support of a helpful and vital member," extradition courts "have rejected familial caretaking responsibilities as a special circumstance." *In re Extradition of Taylor*, 471 F.Supp. 3d 389, 396 (D. Mass. 2020) (citing *Russell* and concluding that special circumstances were not present even where the fugitive was the sole caregiver for an 81-year-old relative with many health issues); *Duca v. United States*, No. 95-713, 1995 WL 428636, at *16 (E.D.N.Y. July 7, 1995) (holding that fugitive's spouse's advanced dementia was not a special circumstance).

Fourth, even if Ismail was not the flight risk that he is, that alone would not constitute a special circumstance. *Russell*, 805 F.2d at 1217. Nor does the fact that a

**Government's Response to Fugitive's Request for Release – Page 5**

fugitive claims there are conditions that could assure his appearance qualify as a special circumstance. "The availability of electronic monitoring and [a fugitive's] access to resources sufficient to convert his home into a secure detention facility do not constitute special circumstances." *See*, *e.g.*, *Matter of Extradition of Rovelli*, 977 F.Supp. 566, 569 (D. Conn. 1997).

## Conclusion

For the foregoing reasons, the United States requests that Ismail's motion be denied in its entirety and that he be detained pending resolution of this extradition proceeding.

    Respectfully submitted,

    LEIGHA SIMONTON
    UNITED STATES ATTORNEY

    */s/ Matthew Weybrecht*
    MATTHEW WEYBRECHT
    Assistant United States Attorney
    Texas State Bar No. 24102642
    Telephone: 817-252-5200
    Fax: 817-252-5455
    matthew.weybrecht@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2024, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney(s) of record who consented in writing to accept this Notice as service of this document by electronic means.

                                                */s/ Matthew Weybrecht*
                                                MATTHEW WEYBRECHT
                                                Assistant United States Attorney